Harold V. CARDOZA

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING BOARD OF REVIEW et al.**

No. 95–299–M.P.

Supreme Court of Rhode Island.

Jan. 30, 1996.

Richard P. D'Addario, Tiverton, for Plaintiff.

Neal J. McNamara, Robert G. Flanders, Jr., Providence, for Defendant.

**OPINION**

PER CURIAM.

This matter came before a hearing panel of this court on January 16, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised on the petition for certiorari should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown.

The plaintiff, Harold V. Cardoza (Cardoza), was employed as a program manager for nine years by General Dynamics, Electric Boat Division. His last day of employment with General Dynamics was on August 9, 1993. The plaintiff claims that he resigned from his position with the company after a company investigation disclosed that he had falsified his timecards on several occasions; plaintiff was told that he would be terminated if he did not resign. On August 12, 1993, plaintiff filed a claim for unemployment-security benefits.

In a notice of disqualification dated August 24, 1993, plaintiff was denied any benefits under the provisions of G.L.1956 (1986 Reenactment) § 28–44–17, as amended by P.L. 1993, ch. 298, § 1. An appeal was taken from this decision, and a hearing was held on September 20, 1993. In a decision dated September 22, 1993, the referee found that plaintiff voluntarily left his job without good cause and therefore upheld the disqualification pursuant to § 28–44–17. The plaintiff

filed an appeal from the referee's decision, and the case was heard before the board of review on October 18, 1993.

After the hearing held on that date, the board of review noted that plaintiff had resigned from his position at General Dynamics when he was informed by his employer that he would be terminated for misconduct if he did not resign. The board of review therefore found that plaintiff's case should not be treated as a "voluntary leave without good cause" case pursuant to § 28-44-17 but rather as a "discharge for misconduct" case pursuant to § 28-44-18, as amended by P.L. 1993, ch. 298, § 1. The board of review then remanded the case to a referee for a new hearing.

A new hearing was held on January 14, 1994, before a different referee. On February 1, 1994, the second referee found that plaintiff had indeed been discharged for misconduct. Specifically the referee found that

"[plaintiff] reported hours worked that did not correspond with the actual work hours [plaintiff] was at his work station. The company policy does not allow hours worked at home to be listed on the timecard. [The plaintiff], by violating this policy, was in willful disregard of the employer's interest."

The referee therefore concluded that plaintiff was not entitled to receive unemployment-security benefits pursuant to § 28-44-18. Although plaintiff filed an appeal from this decision, the board of review upheld the second referee's conclusions.

The plaintiff thereafter filed a complaint for judicial review of the board of review's decisions in the District Court of Rhode Island pursuant to § 28-44-52. In a decision dated May 8, 1995, the District Court stated that the record did not contain "substantial, probative and reliable evidence to support the findings of fact, conclusions and decisions of the Board of Review." Specifically, the District Court reviewed plaintiff's exemplary work history with the company and noted that plaintiff's supervisors were

"aware that he did company work on his own time and, that on occasion, the plaintiff would absent himself from the work site for personal reasons even though his time card did not reflect the same."

The District Court further noted that plaintiff never received any warning that his conduct might be a basis for his discharge. It therefore concluded that "after reviewing the entire record, the plaintiff's exemplary work record coupled with the lack of any warnings by the employer that the plaintiff's previously known absences from work for personal reasons would no longer be tolerated, vitiates any finding that [plaintiff] manifested a willful, wanton disregard and a deliberate violation of the standards of behavior which the employer had the right to expect of the employee."

The defendant, General Dynamics, thereafter filed a petition for issuance for writ of certiorari. This court granted the petition for writ of certiorari on August 17, 1995.

Upon review of the record before us, we are not persuaded that the District Court erred in reversing the board of review's determinations. We are of the opinion that the record before the board of review did not support its conclusion that plaintiff was discharged for misconduct in connection with his work. We note that in two of the four instances in which plaintiff allegedly falsified his timecards, the difference in the time reported on plaintiff's timecards and the time that defendant's surveillance team claims plaintiff actually worked is negligible. Specifically, on July 13, 1993, plaintiff reported on his time card that he had worked eight hours whereas the surveillance team reported that he had worked seven hours and fifty-four minutes at his work site. On July 28, 1993, plaintiff reported on his timecard that he had worked eight hours, plus an additional hour of unpaid overtime whereas the surveillance team reported that he had worked seven hours and fifty-six minutes at his work site. Clearly, the approximately five minutes' difference between the time reflected on plaintiff's timecards and the time that the surveillance team claims plaintiff actually worked at his work site is negligible.

Where the record might indicate any other discrepancies in time, it should be reemphasized that at no time was the plaintiff warned that these discrepancies were erosive of his

employee status. We infrequently reverse the findings by a hearing officer, but we feel compelled in this instance, having scrutinized the record before the District Court, to conclude that the District Court's decision was reached upon a more accurate perception of the record.

For the foregoing reasons we affirm the District Court's decision and find that the allegations of errors of the District Court are without merit. The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers of this case are remanded to the District Court.

WEISBERGER, C.J., and SHEA, J., not participating.